## Killian v. Killian, Admx.

*J. P. McKeehan* and *Merrill Hummel*, for plaintiff.
*E. M. Biddle, Jr.*, for defendant.

REESE, P. J., July 16, 1941.—Plaintiff sued to recover the balance due on a promissory note executed by decedent on April 1, 1918, in the sum of $2,141.12, on which decedent had paid $1,650 on April 1, 1920. In the new matter in her affidavit of defense, defendant relied on the presumption of payment from the lapse of over twenty years, and averred that for more than twenty years nothing had been done nor alleged to rebut the presumption of payment. The reply to new matter averred that while no payments were made to plaintiff after April 1, 1920, the balance of the note had not been paid, which plaintiff expected to prove by affirmative proof sufficient to rebut the presumption of payment.

By agreement the case was tried by the court without a jury. During the trial defendant offered in evidence five checks, dated from 1921 to 1928, aggregating $258, which had been given by decedent to plaintiff. After the testimony had been closed, plaintiff presented a written motion to amend her reply by averring the foregoing payments and by averring that these payments were presumed to be payments on account of interest on the unpaid balance of the note in suit and that therefore no presumption of payment has arisen.

A rule was issued on defendant to show cause why the amendment should not be allowed and defendant filed an answer to the rule averring: (1) That the proposed amendment is contradictory of plaintiff's statement; (2) is contradictory of the paragraph of the reply sought to be amended; (3) is contradictory of the proofs offered by plaintiff and defendant; (4) that the checks were not offered by plaintiff, but by defendant, and plaintiff's construction of them makes them contradictory of the proofs offered by plaintiff; (5) that the checks were not offered to show payments on the note, but to show a course of dealings inconsistent with any balance due on the note, and that plain-

tiff's counsel was advised of this fact by defendant's counsel prior to the motion for the amendment; (6) that, at the same time, plaintiff's counsel exhibited to defendant's counsel documentary evidence in plaintiff's possession which shows that dealings of the parties after April 1, 1920, had no reference to or connection with the note in suit. Plaintiff filed a replication joining issue on the averments of fact in the answer.

Thereafter, defendant caused to issue a rule upon plaintiff to take depositions upon the disputed facts involved in the rule to amend and the answer thereto, or to place the said rule for argument on petition and answer. To the rule to take depositions, etc., plaintiff filed an answer averring in substance that the objections to the rule to amend which appear in the answer thereto are either objections which can be passed upon by inspection of the record or aver facts which are irrelevant, or if relevant should be sustained by depositions by defendant. It is also averred that Pa. R. C. P. 209, under which the rule to take depositions was issued, does not apply to the present situation because the rule to amend was allowed on motion and not on petition.

Under Pa. R. C. P. 209, after the filing and service of an answer, a petitioner must proceed within 15 days to take depositions or order the case for argument on petition and answer. If petitioner fails to proceed in this manner, respondent may take a rule as of course upon petitioner to show cause why he should not take depositions or put the case down for argument on petition and answer. If the rule is made absolute, but petitioner fails to take depositions or order the case down, respondent may order the case for argument on petition and answer. If the case is ordered for argument, regardless of which party makes the order, "all averments of fact responsive to the petition and properly pleaded in the answer" are deemed admitted for the purpose of the argument. In other words, the ordering

of the case for argument on petition and answer is given the effect of a demurrer to respondent's answer: Goodrich-Amram, sec. 209-1.

It is urged by plaintiff that rule 209 does not apply to the present situation because the rule to amend was allowed on "motion" and not on "petition". In this we find no merit, for an application in writing, as was the "motion to amend", is usually regarded as a "petition". It is also urged that the averments of the answer, if relevant, are in the nature of new matter and should be sustained by depositions taken by respondent. Unfortunately, this is a situation which is not covered by rule 209, which provides only for depositions taken by petitioner.

Plaintiff also contends that she should not be required to take depositions or in lieu thereof to put the matter down for argument on petition and answer and thereby admit the averments of the answer, for the reason that the averments of fact in the answer are not relevant or responsive. We believe this is a matter to be determined when the rule to amend is argued, but that it has nothing to do with the requirement that petitioner proceed either by taking depositions or putting the case down for argument on petition and answer.

Rule 209 requires petitioner to proceed and if he does not do so he may be ruled by respondent either to take depositions or put the case down for argument on petition and answer. Respondent herein has taken such a rule and under rule 209 we feel we have no alternative but to make the rule absolute. If the rule to amend is put down for argument on petition and answer, plaintiff will admit the averments of the answer, if they are relevant and responsive. Whether they are or not is to be determined when the rule to amend is argued and not in passing upon the rule now before us.

While rule 209 may not cover all possible situations, in its present form, it seems to require a petitioner to

take depositions or put the matter down for argument on petition and answer. Hence we can do nothing other than to require petitioner to proceed as required by the rule.

And now, July 16, 1941, the rule on plaintiff to take depositions, sur rule to amend the reply or to order the matter for argument on petition and answer, is made absolute.